IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TONY MAURICE JACKSON, #54566    *

      Plaintiff,    *

        v.    *    1:06-CV-1116-MEF
                              (WO)

CITY OF DOTHAN, *et al.*,    *

      Defendants.    *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Tony Jackson ["Jackson"], a county inmate, challenges the constitutionality of actions undertaken with respect to his arrest and imprisonment on criminal charges presently pending against him before the state courts of Houston County, Alabama. Jackson further complains that his bond is excessive. Named as defendants are the City of Dothan, the Dothan Police Department, Chief John Powell, Detective John Crawford, and Officer Sylvia Summers. Jackson seeks his immediate release and damages for mental anguish, emotional distress, and lost wages. (Doc. No. 1.) Upon review of the complaint, the court concludes that this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Jackson is confined in the Houston County Jail on unspecified criminal charges. He complains that Defendants falsely arrested him where the victim at the crime scene informed the "officers and detective" that Jackson was not responsible for the crimes which had occurred. Jackson further complains that Defendants set an excessive bond amount based on his failure to co-operate and invocation of his right against self-incrimination.

### A. The Bond Amount Claim

Jackson complains that Defendants failed to provide reasonable bond. Jackson, however, cannot sustain a claim for failure to provide reasonable bond against the named defendants. Pursuant to the relevant Alabama Rules of Criminal Procedure, judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail. *See* Ala.R.Crim.P., Rule 7.2. Because the named defendants have no authority to set or reduce bond, Jackson has failed to state a viable § 1983 claim against them for an alleged violation of the right to reasonable bail. This claim, therefore, is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The False Imprisonment Claim

With regard to Jackson's complaint that he is falsely imprisoned on criminal charges pending before the state courts of Houston County, Alabama, because he is innocent of the charges lodged against him, such claim may not proceed in this § 1983 action. It appears from a review of the instant complaint that the criminal charges about which Jackson complains are presently pending before the state courts. Under the decision of the United

2

States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Jackson has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Jackson can vindicate his constitutional rights in the on-going state court proceedings. Moreover, Jackson has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Jackson's challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing, dismissal of Jackson's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    Plaintiff's claim challenging the constitutionality of his bond amount be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's false imprisonment claim be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.   This case be dismissed prior to service of process.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 5, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

Done, this 23rd day of January 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE